**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:19-cv-277-MOC-DCK**

| | | |
|---|---|---|
| **FREDA J. DAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **OPRAH WINFREY, et al.,** | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss, filed by Defendants

Oprah Winfrey Network, LLC, Oprah Winfrey, Harpo Productions, and Lions Gate Television,

Inc. (Doc. No. 18).

### I.      BACKGROUND

In this action, pro se Plaintiff Freda Day alleges that Defendants' television show,

"Greenleaf," infringes her copyright in a book that she wrote about her life titled *From the Green*

*Leaf to Greener Pastures*.  Defendants filed the pending motion to dismiss on September 24,

2019, seeking dismissal of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, and arguing that the two works are not substantially similar.  Plaintiff has responded

to the motion to dismiss, and this Court held a hearing on the motion on December 16, 2019.

Thus, this matter is ripe for disposition.

### II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for

failure to state a claim upon which relief can be granted.  A motion to dismiss pursuant to Rule

12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III.    DISCUSSION

Given the lenient pleading standards of Iqbal and Twombly, and in light to Plaintiff's pro se status, the Court will deny the motion to dismiss at this time and hold the matter under consideration pending further development of the record and summary judgment motions.

## IV. CONCLUSION

Defendants' motion to dismiss is denied, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions.

**IT IS, THEREFORE, ORDERED** that:

1.  Defendants' Motion to Dismiss, (Doc. No. 18), is **DENIED** at this time, pending further review after the parties conduct discovery.

Signed: January 17, 2020

Max O. Cogburn Jr.
United States District Judge